Stanakd, J.
delivered the opinion of the court.
The court is of opinion that under the agreement of the 12th November 1819, Lambert's original interest in the land was reduced to such proportion thereof, as the amount of the work then done and under that agreement to be done by him, was of 5600 dollars, the original price of the land ; and had he done the work to be performed by him, the proper partition of the land would have been in the proportions aforesaid.
The court is further of opinion that the failure of Lambert to do the work, did not (at least for his benefit) charge the said proportion of the land on the partition thereof; but the effect of that failure, and the doing of the work by Cosby, left Lambert's proportion of the land unchanged ;—chargeable however to Cosby for the amount of the value of said work which Lambert ought to have done, but which, on his failure, was done by Cosby.
The court is further of opinion that notwithstanding the surrender of Lambert's interest in the land when he took the oath of insolvency, and the sale thereof by the sheriff, and purchase by Tapp for Cosby, the subsequent transaction, especially the demand by Cosby of contribution from his cosurety for the debt to Silas II. Smith, which was an incumbrance on Lambert's share of the land by virtue of the conveyance of Lambert to Stribling for the indemnity of the sureties for that debt,—coupled with the assurance that the land, notwithstanding the sheriff’s sale, was still redeemable by Lambert, and the receipt of contribution from that surety, entitled Lambert to redeem, on paying all that was justly chargeable thereon in favour of Cosby.
*240 The court is further of opinion that such right of redemption was all that Lambert could justly claim, and the court below had no authority to convert this into money demand, and by subjecting Cosby to a decree for such money demand, make him a purchaser of the equity of redemption against his will, and that too at a price fixed without enquiry into its value at the time of the decree, or any evidence of such va'lue.
The court is further of opinion that the alleged sale by Cosby of one hundred acres of the land was no effectual impediment to a partition, so as to assign to Lambert his due proportion of the land ; that the proper relief to him would have been a decree for such partition, holding the share allotted to him chargeable with the amount that might be ascertained by account to be due Cosby; that amount to be ascertained by crediting Cosby for the amount of the work done by him that Lambert ought to have done under the said agreement of the 12th November 1819, and the payments of Cosby in discharge of the said debt to Silas M. Smith, and the 50 cents, the amount of the purchase at the sheriff’s sale, and debiting him with the just proportion of the rents and profits that the interest aforesaid of Lambert in the land entitled him to; and subjecting the said share of Lambert to sale, to satisfy the amount so ascertained to be due Cosby, if the same should not be paid in a reasonable time.
The court is further of opinion that in fixing the value of the work done by Lambert, with a view to the ascertainment of his share as aforesaid of the land, respect should be had, as far as practicable, to the standard furnished by the prices that may have governed the original contract, rather than the current prices of other work of the like kind.
The court is further of opinion that as the sheriff sold to Tapp, and no conveyance appears to have been made by Tapp to Cosby, Tapp’s heirs ought to have been par *241 ties. Though the record affords strong ground for the inference that Tapp purchased for Cosby, the proceedings in this case, if Tapp’s heirs be not parlies, would not bind them, or be evidence against them ; and if the case were to proceed to decree without making them parties, an ostensible title would be left outstanding, to the assertion of which the decree in this cause would be no bar.
Therefore the court doth adjudge, order and decree, that the decree be reversed with costs, and that the cause be remanded for farther proceedings in conformity with the foregoing principles.